UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

       Plaintiff,                             Case No. 11-30245

v.

CLIFFORD HUSSEY,

       Defendant.
_____/

## ORDER OF DETENTION PENDING TRIAL

### Introduction

This matter comes before the Court on the request of the Government to detain defendant Clifford Hussey ("defendant") pending trial.

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)).

After conducting a detention hearing on April 19, 2012, under the Bail Reform Act, 18 U.S.C. § 3142(f), and considering the proffers and arguments of counsel, testimony of Special Agent Paul Kelly, and the Pre-Trial Services Report, the Court concludes that these facts require that the defendant be detained pending trial:

### Findings – Basis For Detention Hearing

A detention hearing was conducted pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f)(1), because the case involves:

__X__(1)     A crime of violence, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (defining the term "Federal crime of terrorism") for which the maximum term of imprisonment of ten years or more is prescribed;

_____ (2)     An offense for which the maximum sentence is life imprisonment or death;

_____ (3)     A federal drug offense carrying a penalty of ten years or more [the Controlled Substances Act (21 U.S.C. § 801 et seq.)];

_____ (4)     A felony and the defendant has been convicted of two or more offenses described in subparagraphs (1) through (3) above, or two or more State or local offenses that would have been offenses described in subparagraphs (1) through (3) above if a

circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;

\_\_\_\_ (5) Any felony that is not otherwise a crime of violence that involves a minor victim or that involves possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. section 2250

\_\_X\_\_ (6) A serious risk that the defendant will flee

\_\_\_\_\_ (7) A serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**Findings – Factors To Be Considered**

Pursuant to Section 3142(g) of the Bail Reform Act, the Court has considered the following factors in determining whether to release the defendant and finds that they support detention:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug: **Defendant has been charged in a criminal complaint with assault on a federal officer in violation of 18 U.S.C. § 111. As part of its proffer, the government provided the testimony of Homeland Security Investigations (HSI) Special Agent Paul Kelly (Kelly). Agent Kelly testified that while engaged in surveillance in Detroit to locate a gang member, HSI Special Agent Antonio Galvan (Galvan) and HSI Task Force Officer Robert Sanchez, spotted the defendant leaving a video game store with his hand tucked under his shirt and holding something that stood out. They suspected shop-lifting and went to investigate. They turned on their vehicle warning/emergency lights and when they exited the car they had on bullet proof vests and badges around their necks. They identified themselves as officers and told the defendant to stop, but when he turned back to look at them, merchandise (video game accessories) fell from under his shirt and he fled. A few minutes later an individual in the neighborhood approached the officers and told them that the individual who came running out of the alley was hiding in a nearby grocery store. The officers went to the grocery store, identified the defendant, told him to show his hands and, according to Agent Kelly, defendant lunged at the officers and a fight ensued. According to Agent Kelly, defendant punched and kicked the officers and bit Agent Galvon. Government Exhibit 1 is a photograph of a bite mark on Agent Galvon's arm. Agent Sanchez also had an injury to his head and counsel for defendant suggested he was choked by the officers.**

(2) the weight of the evidence against the defendant: **there does not appear to be any dispute that the individual involved in the violent fight with the officers and the person who bit Agent Galvon is the defendant.**

2

(3) the history and characteristics of the defendant, including –

   (A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings: **According to the Pre-Trial Services Report and the parties' proffers, defendant is 21 years of age and a lifelong resident of this District. His girlfriend is pregnant and he has another daughter. He has no current employment or employment history. He is a daily smoker of marijuana, which he began using at age 14. He has a criminal history since age 16 – including charges that involve assaultive behavior and fleeing the police. On August 16, 2011, when he was 20, he pled guilty to felony unarmed robbery (the underlying charges were four counts of felony assault with intent to rob while armed). Less than a year later he was charged in the current offense. He has four outstanding warrants for failures to appear – including three from 2012.**

   (B) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law: **It does not appear that defendant was on any type of release from his prior offense at the time of the current offense.**

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release: **this is a culmination of the other factors – a young defendant with a substantial criminal history involving dangerous behavior/offenses every few years. It does not appear that prior jail sentences or supervision have been adequate deterrents. He twice tried to flee from police during the underlying offense and ended up in a significant fight with them – including biting one of the officers. The Court also notes the assessment of Pre-Trial Services that defendant is a danger to the community due to his assaultive criminal history, alleged involvement in the instant offense and illegal drug use.**

**Statement of the Reasons for Detention**

For all of the reasons set forth above and in the government's proffer and pre-trial service's report, the Court finds that the government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community and the defendant is ordered detained.

**Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: April 19, 2012            _____/s/ Laurie J. Michelson_____
                                United States Magistrate Judge Laurie J. Michelson